# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
SHARMORA PHILLIPS, as
Executor of the Estate of P.N.H., a
deceased minor,

          Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

          Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 18-15V
Special Master Christian J. Moran

Filed: April 15, 2020

Entitlement; SIDS; dismissal.

<u>Jessica A. Wallace</u>, Siri & Glimstad, LLP, New York, NY, for petitioner;
<u>Robert P. Coleman, III</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

    Sharmora Phillips filed a petition on behalf of her deceased minor child P.N.H. under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on January 3, 2018. The petition alleged that P.N.H. suffered death as a result of the DTaP, Polio, Hep A, HIB, pneumococcal conjugate, and rotavirus vaccinations he received on May 19, 2016. Pet., filed Jan. 3, 2018, ¶¶ 7, 14. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I. **Procedural History**

Ms. Phillips filed her petition on January 3, 2018.  After Ms. Phillips filed all relevant medical records, the Secretary filed his Rule 4(c) report on March 27, 2018, contesting entitlement.

Ms. Phillips then filed an expert report and supplemental expert report from Dr. Douglas Miller on January 28, 2019, and March 26, 2019, respectively.  Dr. Miller's theory was identical to that asserted in Boatman v. Sec'y of Health & Human Servs., 941 F.3d 1351 (Fed. Cir. 2019), a case which dismissed this theory as being only "plausible" and thus not meeting petitioner's statutory burden of proof.  In light of this, as status conference was held in this case on January 9, 2020, in which the issue was raised that petitioner could no longer successfully pursue this theory.  Petitioner was then unable to locate another expert to support an alternative theory.

Therefore, Ms. Phillips moved for a decision dismissing her petitioner on April 14, 2020.  In this motion, Ms. Phillips stated that she has been "unable to locate an expert to support the alternative theory," but "does intent to protect her rights to file a civil action in the future."  Pet'r's Mot., filed April 14, 2020, ¶¶ 12, 16.  The Secretary did not file a response to this motion.  This matter is now ready for adjudication.

II. **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

In her April 14, 2020 motion, Ms. Phillips admitted that she would be unable to provide evidence sufficient to establish her claim and prove entitlement to compensation.  Pet'r's Mot., filed April 14, 2020, ¶ 11; see also Copenhaver v. Sec'y of Health & Human Servs., No. 13-1002V, 2016 WL 3456436 (Fed. Cl.

Spec. Mstr. May 31, 2016) (finding Dr. Miller's theory not persuasive), <u>mot. for rev. denied</u>, 129 Fed. Cl. 176 (2016).  Though Ms. Phillips filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given Ms. Phillips's clear intent that judgment issue in the case, protecting her right to file a civil action in the future.  <u>See</u> Pet'r's Mot., ¶¶ 14, 16.

In light of Ms. Phillips's concession that this case is not compensable and a review of the entire record, the undersigned finds that Ms. Phillips has not established that the DTaP, Polio, Hep B, HIB, pneumococcal conjugate, and/or rotavirus vaccines caused P.N.H.'s death.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk**,** Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master