# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
SHARMORA PHILLIPS as
Executor of the Estate of P.N.H.,
a deceased minor,

    Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * *

No. 18-015V
Special Master Christian J. Moran

Filed: November 5, 2021

Attorneys' Fees and Costs

Jessica A. Wallace, Siri & Glimstad, LLP, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  Pending before the Court is petitioner Sharmora Phillips' motion for final attorneys' fees and costs. She is awarded **$71,169.55**.

       \*   \*   \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On January 3, 2018, petitioner, as executor of the estate of P.N.H., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that P.N.H. suffered death as a result of the DTaP, Polio, Hep A, HIB, pneumococcal conjugate, and rotavirus vaccinations he received on May 19, 2016. After expert reports were filed by both parties, the undersigned held a status conference on January 9, 2020, in which concern was raised about petitioner's theory in light of the Federal Circuit's decision in Boatmon v. Sec'y of Health & Human Servs., 941 F.3d 1351 (Fed. Cir. 2019). Petitioner agreed that she could not viably proceed on the theory presented by Dr. Miller and on April 14, 2020, petitioner moved for a decision dismissing her petition. On April 15, 2020, the undersigned issued his decision dismissing the petition for insufficient proof. 2020 WL 2392313 (Fed. Cl. Spec. Mstr. Apr. 15, 2020).

On September 22, 2020, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $64,607.20 and attorneys' costs of $29,364.85 for a total request of $93,972.05.[2] Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred any costs related to the prosecution of her case. On September 23, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good

---

[2] Petitioner's motion originally sought total fees and costs of $87,056.55. On October 5, 2021, in response to the undersigned's September 22, 2021 order for petitioner to supply more information regarding the reasonableness of the hourly rate for one of her experts, petitioner amended her motion to include an additional $6,915.50 in attorneys' fees, representing work done preparing the instant fees motion and for the work necessary to respond to the undersigned's order.

2

faith and reasonable basis existed throughout the matter. Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Jessica Wallace, $300.00 per hour for work performed in 2018, $311.00 per hour for work performed in 2019, $323.00 per hour for work performed in 2020, and $335.00 per hour for work performed in 2021; for Mr. Aaron Siri, $363.00 per hour for work performed in 2016 and $376.00 per hour for work performed in 2017; for Mr. Joseph Krueger, $240.00 per hour for work performed

3

in 2017 and $249.00 per hour for work performed in 2018; and for Mr. Mark Farmer, $230.00 per hour for work performed in 2017. Fees App. at 17.

The hourly rates for Mr. Siri, Mr. Krueger, and Mr. Farmer and consistent with what they have previously been awarded and shall be awarded herein. See Humphries v. Sec'y of Health & Human Servs., No. 17-288V, 2020 WL 7706965, at *8 (Fed. Cl. Spec. Mstr. Dec. 4, 2020). However, the rates for Ms. Wallace exceed what has previously been awarded by several special masters. Aagotnes v. Sec'y of Health & Human Servs., No., 2021 WL 815916, at *3 (Fed. Cl. Spec. Mstr. Jan 14, 2021); Humphries v. Sec'y of Health & Human Servs., No. 17-288V, slip op. at 5 (Fed. Cl. Spec. Mstr. Oct. 26, 2021). The undersigned will therefore compensate Ms. Wallace at the following hourly rates consistent with what she has previously been awarded: $195.00 per hour for work performed in 2018, $205.00 per hour for work performed in 2019, $231.00 per hour for work performed in 2020, and $241.00 per hour for work performed in 2021. Application of these rates results in a reduction of $15,802.50.

  B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. In particular, counsel has done a good job of delineating and not billing for administrative tasks and excessive interoffice communication. However, some minor issues necessitate a small reduction. An excessive amount of time was expended on the drafting of some filings, such as 1.0 hour on a one paragraph status report on May 25, 2018, half an hour on various motions for extension of time, and 11.5 hours on petitioner's objections to the undersigned's expert witness instructions (exclusive of time spent communicating with the expert about his concerns). Ms. Wallace also billed 4 hours on preparing medical records on CD, which is a task typically performed by paralegals. The newly submitted hours also contain some clerical tasks, such as downloading files which had just been filed by petitioner. Upon review, a reasonable reduction for these issues is $1,000.00. Petitioner is therefore awarded final attorneys' fees of $47,804.70.

C.     Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $29,364.85 in attorneys' costs. Most of this amount is attributable to work performed by petitioner's medical expert, Dr. Douglas Miller, and a potential medical expert, Dr. Lawrence Mayer. The remainder of the costs are for acquisition of medical records and medical literature, postage, and the Court's filing fee. Fees App. Ex. 1 at 75-77. These costs are reasonable and supported with documentation and shall be fully reimbursed. The expert costs require further discussion.

Petitioner first requests a total of $12,375.00 for work performed by Dr. Miller, a neuropathologist. Dr. Miller's hourly rate of $500.00 per hour has previously been found reasonable by this Court and the undersigned finds Dr. Miller's hourly rate and total hours billed to be reasonable for his work in this case. See Roscoe v. Sec'y of Health & Human Servs., No. 11-206V, 2021 WL 3746783 (Fed. Cl. Spec. Mstr. Jul. 30, 2021).

Petitioner also requests a total of $14,000.00 for work performed by Dr. Mayer, an epidemiologist. This represents 28.0 hours billed at $500.00 per hour. Due to the lack of information available regarding a reasonable hourly rate for an epidemiologist in the Vaccine Program, the undersigned ordered the parties to file additional information concerning 1) what a reasonable hourly rate for an epidemiologist would be; and 2) whether the hours billed by Dr. Mayer in the instant case were reasonable. Order, filed September 22, 2021.

Petitioner argues that $500.00 is a reasonable hourly rate for Dr. Mayer. Petitioner asserts that Dr. Mayer has previously had his work compensated at $400.00 in the Vaccine Program (albeit in a decision which did not specifically address the reasonableness of his hourly rate). See Olson v. Sec'y of Health & Human Servs., No. 13-439V, 2019 WL 4305790 (Fed. Cl. Spec. Mstr. Aug. 9, 2019). Petitioner also avers that since that time, Dr. Mayer has increased his hourly rate to $500.00, which has been paid by other courts. Pet.'s Notice, filed October 5, 2021, at 2-3. Respondent, on the other hand, argues that Dr. Mayer should be compensated, at most, at $400.00 per hour because it is reasonable to expect epidemiologists "to receive an hourly rate similar to that of other specialties, which has typically been about $400 per hour in recent attorneys' fees and costs decisions." Respt.'s Response, filed November 2, 2021, at 2. Respondent further argues that $500.00 is unreasonable because Dr. Mayer has only participated in

5

one prior Vaccine Program case, has no special knowledge of the vaccine court or vaccines, and because his work product ultimately was not helpful to petitioner's case. Id. at 3-4.

Upon review of all the relevant information, the undersigned finds that $400.00 per hour is a reasonable hourly rate for Dr. Mayer in this case. At a baseline, $400.00 appears to be a reasonable hourly rate for an epidemiologist performing Vaccine Program case work. In the instant case, it is difficult to assess the quality of Dr. Mayer's work because he did not present any report analyzing epidemiological studies. Therefore, there is little in the record to support a higher hourly rate. However, the undersigned is not opposed to compensating an epidemiologist, including Dr. Mayer, at a higher hourly rate in future cases where the work product can be assessed.[3]

Having determined a reasonable hourly rate for Dr. Mayer, the undersigned next turns to the reasonableness of his hours billed. In respondent's filing, he notes that Dr. Mayer has billed a total of 6.0 hours preparing what is described as a "letter report." Id. at 5; Fees App. Ex. 1 at 100. As indicated in the parties' filings, this report is a two-page letter from Dr. Mayer addressing why he cannot contribute a report to this litigation based on the undersigned's expert instructions. The undersigned agrees with respondent that 6.0 hours to prepare this document is excessive. Several of Dr. Mayer's other billing entries are also vague – he refers to reviewing papers and studies without providing specificity as to what he is reviewing, thereby frustrating the undersigned's ability to determine whether the time billed was reasonable. Upon review, the undersigned finds that 20.0 is a reasonable amount of time for Dr. Mayer's work in this case. Therefore, a reasonable amount for Dr. Mayer's work is $8,000.00. Accordingly, petitioner is awarded final costs of $23,364.85.

E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$71,169.55** (representing $47,804.70 in attorneys' fees and $23,364.85 in attorneys' costs) as a lump sum in

---

[3] The undersigned also notes that Dr. Mayer's claim to $500.00 per hour could be bolstered if he were to submit the contract between him and the Department of Health and Human Services which he warrants paid him $500.00 per hour for work in a different case not before the Court of Federal Claims.

the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Jessica Wallace.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.